IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

IN RE: R.T., a minor,

No. 22-ICA-157 (Fam. Ct. Wood Cnty. No. FC-54-2018-FIG-39)

FILED
February 2, 2023

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Ethel G.[1] appeals the Family Court of Wood County's September 6, 2022, Order Revoking Appointment of Minor Guardian. Respondent Victoria T. timely filed a response in support of the family court's ruling.[2] Ethel G. did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, this case is remanded to the family court for entry of an order with sufficient findings of fact and conclusions of law to facilitate a meaningful appellate review.

Victoria T. is the mother of R.T., a minor child. Ethel G. is the paternal grandmother of R.T. Ethel G. has been the legal guardian of R.T. since 2018. On May 9, 2022, Victoria T. filed her pro se Petition for Revocation, Termination, or Modification of Appointment of Guardian which sought to terminate Ethel G.'s guardianship of R.T. On June 9, 2022, Victoria T., through counsel, filed an Amended Petition to Terminate Guardianship and Motion for Child Interview. On September 5, 2022, Ethel G., by counsel, filed her Guardian's Motion to Appoint Guardian Ad Litem.

A hearing on Victoria T.'s petition was held on September 6, 2022. Following the hearing, the family court issued the Order Revoking Appointment of Minor Guardian. The family court's findings and conclusions are five sentences long in total, and provide only the following:

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.,* W. Va. R. App. P. 40(e); *State v. Edward Charles L.,* 183 W. Va. 641, 645 n. 1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Petitioner is represented by Thomas B. Karr, Esq. Respondent is represented by William B. Summers, Esq.

[R.T.] is the subject of this proceeding and is a minor under West Virginia law, being under the age of 18 years.

Venue is proper in this Court regarding the minor child named in this action as she is a current state resident of this county.

The petition filed on May 9, 2022 and amended on June 9, 2022, seeks a revocation of a guardianship appointment appointment [sic].

Giving precedence to the welfare and best interest of the minor(s) and the importance of competent and fit guardian, based upon the evidence presented, and, to the extent applicable, further taking into account the priority for consideration for appointment to be afforded the parents of the minor(s), the Court hereby finds and concludes that the minor child, [R.T.], should be placed in the care of her mother, [Victoria T.], effective September 6, 2022, and the guardianship over said minor child should end effective September 6, 2022. The father, [Rickie T.], shall co-parent the minor child with her mother, [Victoria T.], who shall be the primary custodial parent.

Generally, we review a family court appeal pursuant to the standards set forth by the Supreme Court of Appeals of West Virginia in the Syllabus of *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004). However, such standards contemplate sufficient findings of fact and conclusions of law to facilitate a meaningful review.

The Supreme Court of Appeals has said that to properly review an order of a family court,

"[t]he order must be sufficient to indicate the factual and legal basis for the [family court]'s ultimate conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province,* 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996); *see also Nestor v. Bruce Hardwood Flooring, L.P.,* 206 W. Va. 453, 456, 525 S.E.2d 334, 337 (1999) ("[O]ur task as an appellate court is to determine whether the circuit court's reasons for its order are supported by the record."). "Where the lower tribunals fail to meet this standard—*i.e.* making only general, conclusory or inexact findings—we must vacate the judgment and remand the case for further findings and development." *Province,* 196 W. Va. at 483, 473 S.E.2d at 904.

*Collisi v. Collisi*, 231 W. Va. 359, 364, 745 S.E.2d 250, 255 (2013).

Here, the family court's order does not contain sufficient findings of fact and conclusions of law to indicate the factual and legal basis for the family court's ultimate conclusion to revoke the guardianship. Pursuant to West Virginia Code § 44-10-3(j)

2

(2013), the burden of proof was on Victoria T. to show by a preponderance of the evidence that there was a material change of circumstances and that the revocation or termination of the guardianship of R.T. was in R.T.'s best interest. The family court's order did not contain any findings as to a material change in circumstances, nor was there any analysis of the best interests of R.T.

For the foregoing reasons, we remand to the family court with directions to issue an order with sufficient findings of fact and conclusions of law to facilitate a meaningful appellate review. Specifically, the family court is directed to make specific findings regarding whether there has been a material change of circumstances and to conduct an analysis of whether revocation of the guardianship is in the best interests of R.T. If it is not possible to do so based upon the existing record, the family court may conduct such further proceedings as it deems necessary. To avoid undue disruption of the child, the Order Revoking Appointment of Minor Guardian is hereby considered to be a temporary order, which shall remain in effect pending entry of a final order by the family court consistent with this decision. The Clerk is directed to issue the mandate contemporaneously with this memorandum decision.

Remanded with Directions.

**ISSUED:** February 2, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen